WILSON TURNER KOSMO LLP
NICOLE R. ROYSDON (262237)
SANAM KHAJENOORI (346489)
402 West Broadway, Suite 1600
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: nroysdon@wilsonturnerkosmo.com
E-mail: skhajenoori@wilsonturnerkosmo.com

Attorneys for Defendant
SEKISUI DIAGNOSTICS, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA AHLSTROM, LYDELL BURSTON, AND QUINTIN BAKER, individually and on behalf of all others similarly situated and similarly Aggrieved Employees,<br><br>Plaintiffs,<br><br>v.<br><br>AEROTEK, INC., SEKISUI DIAGNOSTICS, LLC, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. **'24 CV 0507 BEN SBC**<br><br>**DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>**[28 U.S.C. §§ 1332(d), 1441, 1446, and 1453]**<br><br>[Removed from San Diego Superior Court: Case No. 37-2024-00006729-CU-OE-NC]<br><br>[Filed concurrently with Civil Case Cover Sheet, Corporate Disclosure Statement, Declaration of Nicole R. Roysdon, Declaration of Helene Fitch Friedlander]<br><br>Original Complaint Filed: February 9, 2024 |

Case No.

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF
CIVIL ACTION

# TABLE OF CONTENTS

Removal is Timely .................................................................................. 1

Defendant SEKISUI Has Satisfied the Procedural Requirements for Removal ................................................................................................ 2

Class Action Fairness Act Jurisdiction Exists ........................................ 3

There are More Than One Hundred Members in the Putative Class ....... 3

Minimal Diversity Exists ....................................................................... 4

The Matter in Controversy Exceeds $5,000,000 Exclusive of Interest and Costs .................................................................................................. 5

Overtime and Double Time Wages ........................................................ 8

Minimum Wages and Liquidated Damages ........................................... 10

Rest Periods ......................................................................................... 12

Meal Periods ........................................................................................ 14

Itemized Wage Statements (Check Stubs) Penalties ............................. 15

Waiting Time Penalties ......................................................................... 17

Attorneys' Fees .................................................................................... 19

Total Amount in Controversy ............................................................... 19

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Alvarez v. Office Depot, Inc.*,
   No. CV 17-7220 PSG (AFMx), 2017 WL 5952181 (C.D. Cal. Nov.
   30, 2017) ................................................................................................. 13

*Anderson v. Watts*,
   138 U.S. 694 (1891) ................................................................................... 4

*Arias v. Residence Inn by Marriott*,
   936 F.3d 920 (9th Cir. 2019) ...................................................................... 5

*Bryant v. NCR Corp.*,
   284 F.Supp.3d 1147 (S.D. Cal. 2018) ...................................................... 15

*Cabrera v. South Valley Almond Company, LLC*,
   No. 1:21-CV-00748-AWI-JLT, 2021 WL 5937585 (E.D. Cal. Dec.
   16, 2021) .................................................................................................. 11

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018) ...................................................................... 5

*Crummie v. Certified Safety, Inc.*,
   No. 17-CV-03892-RS, 2017 WL 4544747 (N.D. Cal. 2017) ..................... 18

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81 (2014) ..................................................................................... 7

*Fritsch v. Swift Transportation Co. of Arizona, LLC*,
   899 F.3d 785 (9th Cir. 2018) ................................................................ 5, 19

*Henry v. Central Freight Lines, Inc.*,
   692 Fed. Appx. 806 (9th Cir. 2017) ............................................................ 5

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ..................................................................................... 4

*Hollinger v. Home State Mut. Ins. Co.*,
   654 F.3d 564 (5th Cir. 2011) ...................................................................... 4

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF
CIVIL ACTION

*Jauregui v. Roadrunner Transp. Servs., Inc.*,
   28 F.4th 989 (9th Cir. 2022) ...................................................................... 6, 11

*Korn v. Polo Ralph Lauren Corp.*,
   536 F.Supp.2d 1199 (E.D. Cal. 2008) ............................................................ 5, 6

*LaCross v. Knight Transp., Inc.*,
   775 F.3d 1200 (9th Cir. 2015) ..................................................................... 5, 6

*Lewis v. Verizon Commc'ns, Inc.*,
   627 F.3d 395 (9th Cir. 2010) ........................................................................... 6

*Marentes v. Key Energy Servs. Cal., Inc.*,
   No. 1:13–CV–02067 AWI JLT, 2015 WL 756516 (E.D. Cal. Feb. 23,
   2015) ............................................................................................................. 18

*Mondragon v. Cap. One Auto Fin.*,
   736 F.3d 880 (9th Cir. 2013) ........................................................................... 4

*Morvant v. P.F. Chang's China Bistro, Inc.*,
   870 F.Supp.2d 831 (N.D. Cal. May 7, 2012) ..................................................... 7

*Muniz v. Pilot Travel Centers, LLC*,
   No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504 (E.D. Cal. 2007) ............... 7

*Oda v. Gucci Am., Inc.*,
   No. 2:14-cv-7468-SVW, 2015 WL 93335 (C.D. Cal. 2015) ......................... 6, 7

*Reyes v. Carehouse Healthcare Center, LLC*,
   No. SACV 16-01159-CJC(MRWx), 2017 WL 2869499 (C.D. Cal.
   July 5, 2017) ................................................................................................. 10

*Rwomwijhu v. SMX, LLC, et al.*,
   No. CV 16-08105-AB, 2017 WL 1243131 (C.D. Cal. Mar. 3, 2017) .............. 19

*Salter v. Quality Carriers, Inc.*,
   974 F.3d 959 (9th Cir. 2020) ........................................................................... 5

*Sanchez v. Abbott Laboratories*,
   No. 2:20-CV-01436-TLN-AC, 2021 WL 2679057 (E.D. Cal. June 30,
   2021) ............................................................................................................. 17

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ........................................................................................ 6

iii           Case No.

**State Cases**

*Pineda v. Bank of America*,
    50 Cal. 4th 1389 (2010) ........................................................17

**Federal Statutes**

28 United States Code section 84 ...............................................2

28 United States Code section 1332 ...............................................*passim*

28 United States Code section 1441 ..........................................1, 3

28 United States Code section 1446 ......................................1, 2, 3

28 United States Code section 1453 ......................................1, 2, 3

**State Statutes**

Business and Professions Code section 17200 .........................9

Code of Civil Procedure section 338 ........................................9

Code of Civil Procedure section 340 .......................................16

Code of Civil Procedure section 1021.5 ..................................19

Labor Code section 203 ..................................................17, 18

Labor Code section 226 ..............................................16, 17, 19

Labor Code section 558 ......................................................1

Labor Code section 1194 ................................................11, 19

Labor Code section 2698 ....................................................1

**Other Authorities**

California Division of Labor Standards Enforcement Website.............................11

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF
CIVIL ACTION

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant SEKISUI DIAGNOSTICS, LLC ("Defendant SEKISUI") hereby removes this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d) [the Class Action Fairness Act ("CAFA")], 1441, 1446, and 1453. Defendant SEKISUI sets forth the following facts in support of the Notice of Removal:

## Removal is Timely

1. Defendant SEKISUI removes this action to this Court on the grounds that this Court has jurisdiction under the provisions of CAFA. (28 U.S.C. § 1332(d).)

2. On February 9, 2024, Plaintiffs Joshua Ahlstrom, Lydell Burston, and Quintin Baker ("Plaintiffs"), individually and on behalf of all others similarly situated, commenced a class action in the Superior Court for the State of California, County of San Diego, Case No. 37-2024-00006729-CU-OE-NC ("Complaint") against Defendant SEKISUI and Defendant Aerotek, Inc. Plaintiffs' Complaint is attached as **Exhibit A** to the Declaration of Nicole R. Roysdon ("Roysdon Decl.").

3. The Complaint asserts twelve causes of action against Defendant SEKISUI and Defendant Aerotek, Inc.: (1) Overtime and Double Time Wages; (2) Minimum Wages and Liquidated Damages; (3) Failure to Pay All Regular Wages; (4)Waiting Time Penalties; (5) Failure to Reimburse Business Expenses; (6) Rest Periods; (7) Meal Periods; (8) Itemized Wage Statement (Check Stubs) Penalties; (9) Penalties Under California Labor Code § 558; (10) Violation of Labor Code § 2698, Et Seq.; (11) Restitution; and (12) Penalties Under California Labor Code § 558. (*Id.*).

4. On February 15, 2024, Plaintiffs personally served Defendant SEKISUI through its registered agent for service of process in California. A true and correct copy of the Summons, Civil Case Cover Sheet, and all other documents, which were

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

served along with or in addition to the Complaint, are attached as **Exhibit B** to the Roysdon Decl.

5.    On March 14, 2024, Defendant SEKISUI timely filed an Answer to Plaintiffs' Complaint in San Diego County Superior Court.  A true and correct copy of SEKISUI's Answer is attached as **Exhibit C** to the Roysdon Decl.

6.    On March 14, 2024, Defendant Aerotek filed an Answer to Plaintiffs' Complaint in San Diego County Superior Court.  A true and correct copy of Defendant Aerotek's Answer is attached as **Exhibit D** to the Roysdon Decl.

7.    This Notice of Removal is being filed within thirty (30) days after service on Defendant SEKISUI of the initial pleading setting forth the claims for relief upon which Plaintiffs' action is based. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

**Defendant SEKISUI Has Satisfied the Procedural Requirements for Removal**

8.    Removal to this Court is proper because the Superior Court of the State of California, County of San Diego, where this action was originally filed, is located within the Southern District of California.  (28 U.S.C. § 84(d).)  Venue is therefore proper because this Court is the "district and division within which [the removed] action is pending."  (28 U.S.C. § 1446(a).)

9.    No previous application has been made for the relief requested herein.

10.   Pursuant to 28 U.S.C. § 1446(a), to the best of Defendant SEKISUI's knowledge, the attached **Exhibits A-D** constitute all the process, pleadings, and orders served in this action at the time of this removal.  (Roysdon Decl. ¶ 6.)

11.   Defendant SEKISUI and Defendant Aerotek, Inc. are the only named defendants in the action at this time.  Nonetheless, actions removed under CAFA "may be removed by any defendant without the consent of all defendants."  (28 U.S.C. § 1453(b).)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

12.     Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy will be filed with the Clerk of the Superior Court of the State of California for the County of San Diego.

### Class Action Fairness Act Jurisdiction Exists

13.     A removing defendant's notice of removal need only contain "a short and plain statement of the grounds for removal."  (28 U.S.C. § 1446(a).)

14.     This Court has original jurisdiction over this action pursuant to CAFA, which vests the district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than one-hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  (28 U.S.C. § 1332(d)(2) & (5).)  CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1441, 1446, and 1453.

### There are More Than One Hundred Members in the Putative Class

15.     CAFA applies when there are 100 or more class members, a requirement easily met in this case. (28 U.S.C. § 1332(d)(5)(B).)

16.     In the Complaint, Plaintiff Baker purports to bring this action on behalf of the following individuals, defined as the "Sekisui Class":

> All individuals who are currently or have been employed in California by Sekisui and worked at Sekisui as non-exempt employees during from four years prior to the filing of this action and continuing until judgment is rendered herein.

(Complaint at ¶ 82 [Ex. A to Roysdon Decl.].)

17.     According to Defendant SEKISUI's records, between February 9, 2020 and February 9, 2024, Defendant SEKISUI employed a total of 153 non-exempt employees in California.  (Declaration of Helene Fitch Friedlander ("Fitch Friedlander Decl.") at ¶ 6.)

18.     Thus, the size of the proposed class is at least 100 members and meets this requirement. (28 U.S.C. § 1332(d)(5)(B).)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

**Minimal Diversity Exists**

19.   CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  (28 U.S.C. §1332(d)(2)(A).)

20.   Plaintiff Baker alleges that he is a resident of San Diego County. (Complaint at ¶ 18 [Ex. A to Roysdon Decl.].)  Plaintiff Baker's residence in San Diego County, which is in California, is *prima facie* evidence that he is domiciled in California for purposes of diversity. (*See Anderson v. Watts*, 138 U.S. 694, 706 (1891) ["The place where a person lives is taken to be his domicile until facts adduced establish the contrary; and a domicile, when acquired, is presumed to continue until it is shown to have changed."]; *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) ["Evidence of a person's place of residence . . . is prima facie proof of his domicile."].) Accordingly, Plaintiff Baker is a citizen of California for purposes of satisfying minimal diversity under CAFA.

21.   For purposes of CAFA, an unincorporated association is a citizen of the State where it has its principal place of business and the State under whose laws it is organized. (28 U.S.C. §1332(d)(10).)

22.   A corporation's principal place of business is its "nerve center" or the place where its "high level officers direct, control, and coordinate the corporation's activities." (*Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).)

23.   Defendant SEKISUI is, and at all relevant times was, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts.  (Fitch Friedlander Decl. at ¶ 3.)

24.   Thus, at least one "member of a class of Plaintiffs is a citizen of a state different from any defendant" and minimal diversity exists.  (28 U.S.C. § 1332(d)(2)(A).)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

**The Matter in Controversy Exceeds $5,000,000 Exclusive of Interest and Costs**

25.    A removing defendant's notice of removal need only provide a "'plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions."  (*Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018) [quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014)].)

26.    As the U.S. Court of Appeals for the Ninth Circuit clarified, "the amount in controversy is not limited to damages incurred prior to removal."  (*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414 (9th Cir. 2018).)  "Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."  (*Id.* at 414-415.)

27.    When evaluating the amount in controversy, "the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the plaintiff's favor on every claim."  (*Henry v. Central Freight Lines, Inc.*, 692 Fed. Appx. 806, 807 (9th Cir. 2017) [citing *Campbell v. Vitran Exp., Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012)].)  The amount put "'in controversy'" by the plaintiff's complaint is "[t]he ultimate inquiry," not what a defendant will actually owe.  (*Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).)

28.    Removal allegations may rely on "a chain of reasoning" that is based on "reasonable" "assumptions." (*LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). In calculating the amount in controversy, a removing defendant may rely on reasonable assumptions that are founded on the allegations in a plaintiff's complaint.  (*Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ["[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements."

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

(internal quotation marks and citations omitted)].)  That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." (*Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).)  As the Ninth Circuit recently instructed, a "defendant's amount in controversy assumptions in support of removal will always be just that: *assumptions*" and "'the parties need not predict the trier of fact's eventual award with one hundred percent accuracy.'" (*Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) [emphasis in original].)

29.     Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds [$5,000,000]." (*Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).)  Courts look to the allegations in the complaint in determining the amount in controversy.  (*LaCross*, 775 F.3d at 1202 ["[O]ur first source of reference in determining the amount in controversy [is] plaintiff's complaint…"].)

30.     A removing defendant is not obligated to "'research, state, and prove the plaintiff's claims for damages.'"  (*Korn*, 536 F.Supp.2d at 1204-05; *see also LaCross*, 775 F.3d at 1203 (9th Cir. 2015) [rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."].)

31.     "Where, as here, a plaintiff makes generalized allegations regarding the frequency of violations, a defendant may calculate the amount in controversy based on reasonable assumptions" and "is not required to comb through its records to identify and calculate the exact frequency of violations." (*Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx), 2015 WL 93335, at *5 (C.D. Cal. 2015) [citing *Muniz v. Pilot Travel Centers, LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *3-5 (E.D. Cal. 2007)].)  In *Gucci*, the defendant assumed one hour of unpaid overtime

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

1  wages per week, one hour of unpaid minimum wages per week, and a 50% violation

2  rate for meal and rest periods, assumptions the court found reasonable given the broad

3  allegations in the complaint.  (*Id.* at *4-6.)  Further, in *Muniz*, the court permitted the

4  defendant to assume a 100% violation rate, finding plaintiff's allegations that the

5  defendant did "not always" pay compensation due and that " a common course of

6  conduct in violation of the law resulting in injury to herself and every other hourly

7  employee employed by the defendant in the State of California in the four years

8  preceding the filing of the Complaint" included "no fact-specific allegations that

9  would result in a putative class or violation rate discernibly smaller than 100%." (2007

10  WL 1302504, at *4.)

11    32.    As shown below, Defendant SEKISUI exceeds the *Dart Cherokee*

12  standard, providing the Court with reasonable assumptions and estimates based on

13  evidence and/or the allegations and relief sought in the Complaint to show that the

14  amount in controversy at issue here exceeds $5 million.  Case law supports an

15  assumption of a 50-100% violation rate given the broad allegations in the Complaint

16  that Defendant SEKISUI engaged in "systemic illegal employment practices." (*See*

17  Complaint at ¶¶ 2, 4, 13, 75-76 [Ex. A to Roysdon Decl.].)

18    33.    Defendant SEKISUI denies the validity and merit of Plaintiff Baker's

19  causes of action, the legal theories upon which they are purportedly based, and the

20  claims for economic and non-economic damages along with other relief.  However,

21  for purposes of removal only, and without conceding that Plaintiff Baker is entitled to

22  any relief, it is readily apparent, based on the allegations in the Complaint, that the

23  amount in controversy exceeds $5,000,000.[1]  (*See Morvant v. P.F. Chang's China*

24

25  _____

26  [1] In alleging the amount in controversy for purposes of CAFA, Defendant SEKISUI
   does not concede in any way that the allegations in the Complaint are accurate, or that

27  Plaintiff Baker is entitled to any of the monetary relief requested in the Complaint.
   Nor does Defendant SEKISUI concede that any or all putative class members are

28  entitled to any recovery in this case or are appropriately included in the action.

Case No.

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF
CIVIL ACTION

*Bistro, Inc.*, 870 F.Supp.2d 831, 846 (N.D. Cal. May 7, 2012) [affirming an employer invoking CAFA removal based on allegations in a complaint does not constitute an admission of those allegations].)

34.    Plaintiff Baker has brought eleven separate causes of action in the Complaint on a class basis and seeks, for both himself and the Sekisui putative class, unpaid wages, unpaid meal and rest period premium payments, unreimbursed business expenses, statutory and civil penalties, restitution, injunctive relief, pre-judgment interest, attorneys' fees and costs of suit, as well as compensatory, nominal, and liquidated damages.  (Complaint at ¶¶ 98, 103, 107, 112, 116-117, 121, 126, 132, Prayer for Relief, pp. 34-35 [Ex. A to Roysdon Decl.].)

**Overtime and Double Time Wages**

35.    In connection with his First Cause of Action for failure to pay overtime and double time wages, Plaintiff Baker alleges as follows:

> "Plaintiffs are informed and believe, and therefore alleges that Defendants' policy and practice is to deny overtime pay, to its non-exempt employees. In particular, Defendant requires its employees to be present and perform in excess of eight hours per day and/or forty hours per week but failed to pay them overtime accordingly, where employees worked overtime, Defendant uses an improper regular rate of pay for purposes of said calculations, failing to pay all overtime wages due."

(Complaint at ¶ 55 [Ex. A to Roysdon Decl].)

36.    Plaintiff Baker also alleges:

> "Plaintiffs are informed and believes, and therefore alleges that the requirement to work overtime was frequent and unavoidable and non-exempt employees were required to work overtime hours in order to complete their job duties, including after their shift. The time that Defendants required employees to work without compensation is substantial and deprives Plaintiffs and members of the Class of **many hours' worth of wages per week**."

(*Id*. at ¶ 57 [emphasis added].)

---

Defendant SEKISUI also does not concede Plaintiff Baker can bring his claims on a class or representative basis.

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

37.     Plaintiff Baker further alleges that "Defendants would regularly modify Plaintiffs time cards to reduce the hours that were reflected from what was actually worked in order to avoid paying overtime and for all hours worked," and that "Defendants regularly and manually modified Plaintiffs timecards to insert meal breaks that were never taken, thus denying Plaintiffs their wages for that time actually worked…" (*Id.* at ¶¶ 39, 42.)

38.     Assuming Plaintiff Baker's allegations to be true solely for the purposes of this Notice of Removal, the amount in controversy for Plaintiff Baker's overtime claim is no less than $630,292, which was calculated as follows:

a.     During the limitations period of February 9, 2020, through February 9, 2024, Defendant SEKISUI employed 153 putative class members, who worked full-time and approximately 16,626 workweeks.  (Fitch Friedlander Decl. at ¶ 6.)[2]

b.     The average hourly wage rate for Sekisui putative class members was $25.27 per hour.  (Fitch Friedlander Decl. at ¶ 6.) Applying a 1.5 overtime multiplier, the average overtime hourly rate was $37.91 for Sekisui putative class members.

c.     Based on the allegations in the Complaint that Defendant SEKISUI frequently required Plaintiff Baker and Sekisui putative class members to work overtime, required them to work without compensation for a substantial amount of time, and deprived them of "many" hours of wages each week, it is reasonable to assume, for purposes of removal, that the Sekisui putative class members were not

---

[2] Although there is a three-year statute of limitations on Plaintiff Baker's wage claims (Code Civ. Pro. § 338(a)), Plaintiff Baker also alleges a violation of California Business & Professions Code § 17200, *et seq.* in his Eleventh Cause of Action, and, thus, a fourth year is added to the statute of limitations for the restitution Plaintiff Baker seeks as a result of Defendant SEKISUI's alleged minimum wage, overtime, and meal and rest period violations.  (Complaint at ¶¶ 151-164 [Ex. A to Roysdon Decl.].)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

paid for at least one hour of overtime per week from February 9, 2020 through February 9, 2024. (*See Reyes v. Carehouse Healthcare Center, LLC*, No. SACV 16-01159-CJC(MRWx), 2017 WL 2869499, at *3 (C.D. Cal. July 5, 2017) [finding assumption of one hour of overtime per week appropriate when plaintiff alleged "regular" violation].) Indeed, given the allegations in the Complaint, it would be reasonable to assume more than one hour of overtime per week.

d.     Assuming, solely for purposes of this Notice of Removal, all Sekisui putative class members were not paid one hour of overtime wages for each workweek from February 9, 2020 through February 9, 2024, the amount in controversy for Plaintiff Baker's failure to pay overtime wages claim is no less than $630,292: (16,626 workweeks multiplied by one hour multiplied by $37.91).

## Minimum Wages and Liquidated Damages

39.     In his Second Cause of Action for failure to pay all minimum wages, Plaintiff Baker alleges that "Plaintiff and members of the Class are/were not paid for all of the 'hours worked.'" (Complaint at ¶ 51 [Ex. A to Roysdon Decl.].) Plaintiff Baker also alleges that "[t]he time that Defendants require employees to work without compensation is substantial and deprives Plaintiffs and members of the Class of **significant hours worked per month**." (*Id.* at ¶ 52 [emphasis added].) Plaintiff Baker further alleges that the "net effect of Defendants' policy and practice, instituted and approved by company managers, is that Defendants willfully fail to pay compensation for all hours worked…" (*Id.* at ¶ 53.)

40.     Plaintiff Baker further alleges that "Defendants would regularly modify Plaintiffs time cards to reduce the hours that were reflected from what was actually worked in order to avoid paying overtime and for all hours worked," and that "Defendants regularly and manually modified Plaintiffs timecards to insert meal breaks that were never taken, thus denying Plaintiffs their wages for that time actually worked…" (*Id.* at ¶¶ 39, 42.)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

41.    Assuming Plaintiff Baker's allegations to be true solely for the purposes of this Notice of Removal, the amount in controversy for the minimum wages claim is no less than $488,804. This calculation includes liquidated damages "in an amount equal to the wages unlawfully unpaid," which Plaintiff Baker is seeking under Labor Code § 1194.2. (*Id.* at ¶ 103.)

42.    This amount was calculated as follows:

a.    The approximate workweeks of 16,626 explained above are applied here. (Fitch Friedlander Decl. at ¶ 6.)

b.    The average minimum wage for employers with 26 or more employees in California between 2020-2024 was $14.70 per hour. (*See* https://www.dir.ca.gov/dlse/faq_minimumwage.htm)

c.    Based on the allegations in the Complaint that Defendant SEKISUI required Plaintiff Baker and Sekisui putative class members to work a significant number of hours each month without pay, it is reasonable to assume for purposes of removal, that all Sekisui putative class members were not paid minimum wage for at least one hour of work per workweek during their employment with Defendant SEKISUI. (*See Cabrera v. South Valley Almond Company, LLC*, No. 1:21-CV-00748-AWI-JLT, 2021 WL 5937585, at *8 (E.D. Cal. Dec. 16, 2021) [finding assumption of one hour of unpaid minimum wages consistent with "at times" and "on occasion" allegations given alleged Labor Code violations were due to defendant's "policies and/or practices"].) Indeed, given the allegations in the Complaint, it would be reasonable to assume more than one hour of unpaid work per week.

d.    The total amount of allegedly unpaid minimum wages is appropriately doubled because Plaintiff Baker seeks recovery of liquidated damages under Labor Code section 1194.2. (Complaint at ¶ 103 [Ex. A to Roysdon Decl.]; *see Jauregui*, 28 F.4th at 995 n.7 [permitting liquidated damages in amount-in-controversy calculation for minimum wage claim under CAFA].)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

e.    Thus, assuming, solely for purposes of this Notice of Removal, all Sekisui putative class members were not paid one hour of minimum wages for each workweek from February 9, 2020 through February 9, 2024, the amount in controversy for Plaintiff Baker's minimum wages claim is no less than $488,804: (16,626 workweeks multiplied by one hour multiplied by $14.70 multiplied by 2).

## Rest Periods

43.    Plaintiff Baker's Sixth Cause of Action alleges that Defendant SEKISUI failed to permit Plaintiff Baker and Sekisui putative class members to take rest periods.  In particular, Plaintiff Baker alleges Defendant SEKISUI "had a consistent policy or practice of failing to provide to Class Members, including Plaintiffs, one (1) ten (10) minute break for each shift of four (4) hours or more worked." (Complaint at ¶ 69 [Ex. A to Roysdon Decl.].)  Plaintiff Baker also alleges that "Defendants had a consistent policy or practice of failing to compensate Class Members, including Plaintiffs, for missed rest breaks that were not provided within each four (4) hours of a shift." (*Id.* at ¶ 70.) Plaintiff Baker also alleges "Defendants' policy and practice is to not pay Plaintiffs and members of the Class any premium for non-compliant or missed meal and rest breaks." (*Id.* at ¶ 71.)

44.    More specifically, Plaintiff Baker claims that "[d]uring Plaintiffs' employment with Defendants, Plaintiffs would routinely work shifts of four hours without being provided ten minute rest breaks for each four hours." (*Id.* at ¶ 67.)

45.    Plaintiff Baker further alleges:

> "Plaintiffs were regularly denied uninterrupted meal and rest breaks because they were required to remain on duty and perform work and thus not be able to take such breaks. Defendant did not provide sufficient coverage or opportunities for meal and rest breaks as a matter of policy and practice and did not pay meal or rest break premiums when employees were denied their breaks."

(*Id.* at ¶ 41.)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

46.    On behalf of the Sekisui putative class members, Plaintiff Baker seeks an additional hour of pay per day at the regular rate of pay for denied rest periods. (*Id.* at ¶ 120.)

47.    Assuming Plaintiff Baker's allegations to be true solely for the purposes of removal, the amount in controversy for Plaintiff Baker's rest period claim is no less than $1,260,417, which was calculated as follows:

a.    As discussed above, the approximate workweeks of 16,626 and the average hourly rate of $25.27 for the Sekisui putative class members apply here. (Fitch Friedlander Decl. at ¶ 6.)

b.    Based on the allegations in the Complaint regarding Defendant SEKISUI enforcing unlawful "policies and practices" concerning rest periods and premiums and "regularly" and "routinely" denying rest periods, Defendant SEKISUI reasonably assumes for purposes of removal, that Sekisui putative class members did not receive a compliant rest period or premium to which they were entitled during at least three workdays for each workweek from February 9, 2020 through February 9, 2024.

c.    Based on their regular full-time schedules, this results in a reasonable 60% violation rate for Sekisui putative class members.  (*See* Fitch Friedlander Decl. at ¶ 6.)  (*See Alvarez v. Office Depot, Inc.*, No. CV 17-7220 PSG (AFMx), 2017 WL 5952181, at *3 (C.D. Cal. Nov. 30, 2017) [finding the use of a 60% violation rate for missed rest periods is reasonable when the complaint is indeterminate with respect to violation rates].)

d.    Thus, assuming, solely for purposes of removal, all Sekisui putative class members did not receive a compliant rest period or premium during at least three workdays per workweek, the amount in controversy for Plaintiff Baker's rest period claim is no less than $1,260,417: (16,626 workweeks multiplied by three hours multiplied by $25.27.)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

**Meal Periods**

48.     Plaintiff Baker's Seventh Cause of Action alleges Defendant SEKISUI failed to provide meal periods to Plaintiff Baker and Sekisui putative class members. In particular, Plaintiff Baker alleges Defendant SEKISUI "had a consistent policy or practice of requiring Class Members, including Plaintiffs, to continue working through meal periods, or Defendants otherwise failing to provide a duty-free meal period within the first five (5) hours of any shift of six (6) or more hours worked." (Complaint at ¶ 66 [Ex. A to Roysdon Decl.].)  Plaintiff Baker also alleges "Defendants' policy and practice is to not pay Plaintiffs and members of the Class any premium for non-compliant or missed meal and rest breaks." (*Id.* at ¶ 71.)

49.     More specifically, Plaintiff Baker claims:

"During Plaintiffs' employment with Defendants, Plaintiffs would routinely work shifts in excess of five hours without being completely relieved of duty for at least thirty minutes for a meal period before the end of the fifth hour of work. During Plaintiffs' employment with Defendants, Plaintiffs would routinely work shifts in excess of ten hours without being completely relieved of duty for at least thirty minutes for a second meal period before the end of the tenth hour of work."

(*Id.* at ¶ 67.)

50.     Plaintiff Baker further alleges:

"Plaintiffs were regularly denied uninterrupted meal and rest breaks because they were required to remain on duty and perform work and thus not be able to take such breaks. Defendant did not provide sufficient coverage or opportunities for meal and rest breaks as a matter of policy and practice and did not pay meal or rest break premiums when employees were denied their breaks."

(*Id.* at ¶ 41.)

51.     On behalf of the Sekisui putative class members, Plaintiff Baker seeks an additional hour of pay per day at the regular rate of pay for meal periods not properly provided. (*Id.* at ¶ 125.)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

52.    Assuming Plaintiff Baker's allegations to be true solely for the purposes of removal, the amount in controversy for Plaintiff Baker's meal period claim is no less than $1,260,417, which was calculated as follows:

a.    As discussed above, the approximate workweeks of 16,626 and the average hourly rate of $25.27 for Sekisui putative class members apply here.  (Fitch Friedlander Decl. at ¶ 6.)

b.    Based on the allegations in the Complaint that Defendant SEKISUI had a "consistent" policy and practice of failing to provide meal periods and "regularly" and "routinely" denied meal periods and premiums, for purposes of removal, it is reasonable to assume three meal period violation for each workweek from February 9, 2020 through February 9, 2024.

c.    Based on their regular full-time schedules, this results in a 60% violation rate, which is well within reason.  (*See, e.g., Bryant v. NCR Corp.*, 284 F.Supp.3d 1147 (S.D. Cal. 2018) [where complaint alleged "policy and practice" of meal period violations, defendant's assumption of 60% violation rate was reasonable]; *see* Fitch Friedlander Decl. at ¶ 6.)

d.    Thus, assuming, solely for purposes of removal, all Sekisui putative class members did not receive a compliant meal period or premium during at least three workdays per workweek, the amount in controversy for Plaintiff Baker's meal period claim is no less than $1,260,417: (16,626 workweeks multiplied by three hours multiplied by $25.27).

**Itemized Wage Statements (Check Stubs) Penalties**

53.    Plaintiff Baker's Eighth Cause of Action alleges Defendant SEKISUI failed to provide accurate, itemized wage statements to Plaintiff Baker and Sekisui putative class members.  In particular, Plaintiff Baker alleges that "Defendants, as a result of its policies and practices described herein, did not maintain accurate payroll records and/or issue accurate itemized wage statements." (Complaint at ¶ 72 [Ex. A to Roysdon Decl.].)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

54.    Plaintiff Baker further alleges:

"Defendants failed to comply with Labor Code § 226(a) inasmuch as they did not issue Plaintiffs and other non-exempt employees itemized wage statements that accurately list the hours worked, net and gross wages earned, applicable rates of pay, and the address of the legal entity that is the employer, as required. Plaintiffs and the other non-exempt employees have been injured by Defendants' knowing and intentional failure to provide them accurate itemized wage statements."

(*Id.* at ¶ 73.)

55.    Plaintiff Baker further alleges that "[p]ursuant to Labor Code § 226(e), Plaintiffs and Class Members are entitled to recover the greater of all actual damages, or penalties not to exceed $4,000.00 for each employee." (*Id.* at ¶ 74.) In particular, pursuant to Labor Code §§ 226(e) and (h), Plaintiff Baker seeks "to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period…" (*Id.* at ¶ 129.)

56.    Assuming Plaintiff Baker's allegations to be true solely for the purposes of removal, the amount in controversy for this claim is no less than $224,300, which was calculated as follows:

a.    During the limitations period of February 9, 2023, through February 9, 2024, 122 Sekisui putative class members worked and were furnished wage statements for approximately 2,304 biweekly pay periods. (Fitch Friedlander Decl. at ¶ 8.)[3]

b.    Plaintiff Baker provides no pertinent information as to the number of instances Defendant SEKISUI allegedly failed to furnish accurately itemized wage statements to Plaintiff Baker and Sekisui putative class members, but given the derivative nature of Plaintiff Baker's claim, as well as his allegation that Defendant

---

[3] Because Plaintiff seeks a civil penalty under Labor Code section 226, a one-year statute of limitations applies.  (*See* Code Civ. Pro. § 340(a); Complaint at ¶ 129 [Ex. A to Roysdon Decl.].)

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

SEKISUI did not issue accurate itemized wage statements "as a result of its policies and practices described herein," it is reasonable to assume for purposes of removal that every pay period worked by Plaintiff Baker and the Sekisui putative class members would be subject to an initial $50 penalty and, for each subsequent violation, a $100 penalty.  (*See* Lab. Code § 226(e); Complaint at ¶¶ 72, 129 [Ex. A to Roysdon Decl]; *see also Sanchez v. Abbott Laboratories*, No. 2:20-CV-01436-TLN-AC, 2021 WL 2679057, at *6 (E.D. Cal. June 30, 2021) [approving 100% violation rate for wage statement penalties when assumed violation rates for meal period, rest period, and overtime claims are reasonable].)

c.    Assuming, solely for purposes of removal, all wage statements furnished during each pay period were inaccurate, Plaintiff Baker's wage statement claim is no less than $224,300: (122 initial wage statements multiplied by $50 initial violation penalty) + (2,182 subsequent wage statements multiplied by $100 subsequent violation penalty).

### Waiting Time Penalties

57.    Plaintiff Baker's Fourth Cause of Action alleges Defendant SEKISUI failed to pay all wages to Plaintiff Baker and Sekisui putative class members whose employment with Defendant SEKISUI has terminated. The applicable limitations period for a claim under Labor Code section 203 is three years. (*Pineda v. Bank of America*, 50 Cal. 4th 1389, 1398 (2010).)

58.    In particular, Plaintiff Baker alleges that "Defendants consistently maintained and enforced against their non-exempt employees systematic policies and practices whereby Defendants willfully failed to pay the wages Defendants owed Plaintiffs and the other non-exempt employees at the time of layoff or at the time their employment separation." (Complaint at ¶ 63 [Ex. A to Roysdon Decl.].)

59.    Plaintiff Baker further alleges that "[b]ecause Defendants fail to pay Plaintiffs and members of the Class all wages due and owing, Defendant fails to pay

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

1  all earned wages at the time members of the Subclass whose employment relationship

2  with Defendants has ended." (*Id.* at ¶ 64.)

3      60.    Plaintiff Baker also alleges that "[m]ore than 30 days have passed since

4  Plaintiffs and Subclasses members terminated from their employment with

5  Defendants. Defendants have not paid Plaintiffs and each Subclasses member whose

6  employment has ended all wages owed." (*Id.* at ¶ 111.) As a result, "Plaintiffs and

7  each Subclasses member is entitled to 30 days' wages as a penalty under Labor Code

8  § 203." (*Id.* at ¶ 112.)

9      61.    Assuming Plaintiff Baker's allegations to be true solely for the purposes

10  of removal, the amount in controversy for this claim is no less than $212,890, which

11  was calculated as follows:

12      a.    During the limitations period of February 9, 2021, through

13  February 9, 2024, 36 Sekisui putative class members separated employment with

14  Defendant SEKISUI. (Fitch Friedlander Decl. at ¶ 7.)  The average hourly rate for

15  these employees during this time period was $24.64.  (*Id.*) Sekisui putative class

16  members regularly worked 8 hours per day. (*Id.* at ¶ 6.)

17      b.    Given the derivative nature of Plaintiff Baker's claim, as well as

18  his broad allegations that Defendant SEKISUI has not paid Plaintiff Baker or the

19  Sekisui putative class members who have separated employment all of their wages

20  due, it is reasonable to assume for purposes of removal that all of the Sekisui putative

21  class members who have separated employment since February 9, 2021 did not

22  receive all of their wages at separation and are entitled to the maximum amount of

23  waiting time penalties under Labor Code section 203. (*See* Lab. Code § 203;

24  Complaint at ¶¶ 63-64, 112 [Ex. A to Roysdon Decl.]; *see also Crummie v. Certified*

25  *Safety, Inc.*, No. 17-CV-03892-RS, 2017 WL 4544747, at *3 (N.D. Cal. 2017)

26  [finding it "completely reasonable" for the defendant to assume the maximum, 30-day

27  period of waiting time penalties where the allegations support the assumption];

28  *Marentes v. Key Energy Servs. Cal., Inc.*, No. 1:13–CV–02067 AWI JLT, 2015 WL

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF
CIVIL ACTION

756516, at *9 (E.D. Cal. Feb. 23, 2015) [where "wages are alleged to have not been paid, the full thirty-days may be used for each of the putative class members."].)

c.    Assuming, solely for purposes of removal, that all Sekisui putative class members who separated employment during the relevant period are entitled to the maximum amount of waiting time penalties, Plaintiff Baker's waiting time penalties claim is no less than $212,890: (36 Sekisui putative class members who have separated employment multiplied by 8 hours per day multiplied by $24.64 multiplied by 30 days).

### **Attorneys' Fees**

62.    Plaintiff Baker also seeks attorneys' fees on his claims under Code of Civil Procedure section 1021.5 and Labor Code sections 226 and 1194. (Complaint at ¶ 170 [Ex. A to Roysdon Decl].)  Allotting 25% of the amounts-in-controversy to attorneys' fees is reasonable in class actions for purposes of removal.  (*See Fritsch*, 899 F.3d at 794 [finding that prospective attorneys' fees are properly included in amount in controversy under CAFA when attorneys' fees are potentially recoverable under a statute at issue in the case]; *see also Rwomwijhu v. SMX, LLC*, *et al.*, No. CV 16-08105-AB (PJWx), 2017 WL 1243131, at *6 (C.D. Cal. Mar. 3, 2017) [including fees in calculation, noting that "courts in the Ninth Circuit, including this one, have allowed an estimated fee award of 25% of a plaintiff's damages in calculating the amount in controversy under CAFA"].) Accordingly, using 25% of the amount in controversy for Plaintiff Baker's class claims, which is $4,077,120, $1,019,280 can reasonably be in controversy as to Plaintiff Baker's attorneys' fees claim.

### **Total Amount in Controversy**

63.    Thus, the total amount in controversy exceeds the jurisdictional requirement of $5,000,000, exclusive of interest and costs, as follows:

|   |   |   |
|---|---|---|
| a. | Overtime and Double Time Wages | $630,292 |
| b. | Minimum Wages and Liquidated Damages | $488,804 |
| c. | Rest Periods | $1,260,417 |

Case No.

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION

| | | | |
|---|---|---|---|
| d. | Meal Periods | | $1,260,417 |
| e. | Itemized Wage Statement Penalties | | $224,300 |
| f. | Waiting Time Penalties | | $212,890 |
| g. | Subtotal | | $4,077,120 |
| h. | Attorneys' Fees (25%) | | $1,019,280 |
| | **TOTAL:** | | **$5,096,400** |

64.    Thus, the minimum aggregate amount in controversy based upon Plaintiff Baker's allegations is **$5,096,400.**

65.    Notably, this amount does not include any amounts for Plaintiff Baker's Third, Fifth, Ninth, or Twelfth Causes of Action or any post-removal amounts (other than attorneys' fees).  Including these amounts would increase the amount in controversy.

66.    For the foregoing reasons, Defendant SEKISUI removes this action from the Superior Court for the State of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated:    March 15, 2024         **WILSON TURNER KOSMO LLP**


                                 By:    _s/Nicole R Roysdon_
                                        NICOLE R. ROYSDON
                                        SANAM KHAJENOORI
                                        Attorneys for Defendant SEKISUI
                                        DIAGNOSTICS, LLC

DEFENDANT SEKISUI DIAGNOSTICS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION